(No. 3637—

MARY CATHERINE NEWMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 13, 1942.*

CLAIMANT, pro se.

George F. Barrett, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Fisher, J.

On August 20, 1941, Ralph Newman, a police officer in the employ of the Division of State Police, Department of Public Safety, State of Illinois, District No. 13, with headquarters at DuQuoin, Illinois, while in the course of his employment was riding a motorcycle of the Division of State Police on Route 14 through the Village of Buckner, Illinois, which at about 11:30 A. M. collided with an automobile being driven by Edward Russell of Buckner, as a result of which collision the said Ralph Newman died on the same day. Deceased was being paid by the Division at the rate of One Hundred Seventy-five Dollars ($175.00) per month for his services, and was first employed by the Division of Highways, Bureau of Police, on October 20, 1937, as a State Highway Maintenance Police Officer and was continuously so employed until the time of his death having been previously transferred with the Police organization to the Department of Public Safety, Division of Police, on July 1, 1941. Deceased is survived by his widow, Mary Catherine Newman, claimant herein, and one child, Marilyn Sue Newman, six years of age.

This claim comes before the court on the claim of Mary Catherine Newman, pro se; the report of the Division of Highways, by M. K. Lingle, Engineer of Claims, and the stipulation of the claimant and respondent that the report of the Division of Highways shall constitute the record in this case.

There is no disagreement as to the facts and no question arises as to the jurisdiction of the court or other jurisdictional matters.

This court has held in a large number of cases that an employee of the respondent engaged as a highway maintenance patrolman or police officer is such an employee of

the State as is entitled to the benefits of the Illinois Workmen's Compensation Act.

> *Church, et al* vs. *State*, 7 C. C. R. 256.
> *Lightner* vs. *State*, 8 C. C. R. 354.
> *Ferguson* vs. *State*, 8 C. C. R. 589.

It appears from the stipulated facts herein that the deceased had been paid One Hundred Seventy-five Dollars ($175.00) as payment for his services for the month of August, 1941, and that this payment represents an overpayment of Sixty-two Dollars and Ten Cents ($62.10).

From the agreed facts of this case and the law pertaining to such facts, claimant is entitled to the benefits of the Illinois Workmen's Compensation Act.

Deceased had been paid for more than one year prior to the date of his death at the rate of One Hundred Seventy-five Dollars ($175.00) per month, or Twenty-one Hundred Dollars ($2,100.00) per year. Claimant is therefore entitled to an award of Four Thousand Dollars ($4,000.00) as his widow, (Sec. 7A Workmen's Compensation Act), Four Hundred Fifty Dollars ($450.00) additional for one child under sixteen years of age (Section 7, Par. 3, Workmen's Compensation Act) and ten per cent (10%) of the total of Four Thousand Four Hundred Fifty Dollars ($4,450.00) or Four Hundred Forty-five Dollars ($445.00) (Chap. 48, Sec. 144, Illinois Revised Statutes, 1941), making a total of Four Thousand Eight Hundred Ninety-five Dollars ($4,895.00), from which must be deducted the sum of Sixty-two Dollars and Ten Cents ($62.10) overpayment of salary to deceased, and such deduction applied on the first payments due under the award.

An award is therefore hereby entered in favor of Mary Catherine Newman, claimant herein, for the sum of Four Thousand Eight Hundred Thirty-two Dollars and Ninety Cents ($4,832.90) payable as follows, to-wit:

(1) The sum of Two Hundred Eighty-four Dollars and Forty Cents ($284.40) compensation for a period of twenty-one weeks, after deducting said overpayment of Sixty-two Dollars and Ten Cents ($62.10), accrued to January 13, 1942, is payable forthwith.

(2) The balance of said award, to-wit: Four Thousand Five Hundred Forty-eight Dollars and Fifty Cents ($4,548.-50) is payable in two hundred seventy-five weekly installments of Sixteen Dollars and Fifty Cents ($16.50) each,

commencing January 20, 1942, and one final installment of Eleven Dollars ($11.00).

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such an Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.